UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                          NOTICE OF MOTION TO
                                                                                     VACATE AUTOMATIC STAY

                                                                                     Chapter 7
                                                                                     CASE 11-24269
                                                                                     Bankruptcy Judge
                                                                                     Hon. Robert D. Drain


      Juanita Strassfield,



                                Debtor.
--------------------------------------------------------x
SIRS:

      PLEASE TAKE NOTICE, that upon the Affirmation of Phillip Mahony, Esquire, dated January 24, 2012 and the attached exhibits annexed hereto, the undersigned will move this Court before Bankruptcy Robert D. Drain on March 15, 2012, at 10:00 AM at the United State Bankruptcy Court, Southern District of New York, 300 Quarropas Street White Plains, NY 10601-4140 for an order pursuant to 11 U.S.C. §362 (d)(1) and (d)(2) granting Wells Fargo Bank N.A. relief from the automatic stay and permitting Wells Fargo Bank N.A. proceed with a foreclosure of its mortgage, and for such other, further and different relief as may seem just, proper and equitable.


      PLEASE TAKE NOTICE, that answering affidavits, if any, must be served upon the undersigned and filed with the Court not less than five (5) days prior to the return date of this

motion.

Dated: Westchester, New York
       January 24, 2012

McCabe, Weisberg & Conway
Attorneys for Secured Creditor
by: *s/ Phillip Mahony*
Phillip Mahony, Esq.
145 Huguenot Street
Suite 499
New Rochelle, NY 10801
914-636-8900

TO:    Juanita Strassfield                                        DEBTOR
11 Shipley Drive
Cortlandt Manor, NY 10567

Todd S. Cushner                              ATTORNEY FOR DEBTOR
Cushner & Garvey, LLP
155 White Plains Road, Suite 207
Tarrytown, NY 10591

Jil Mazer-Marino                                TRUSTEE
Meyer, Suozzi, English & Klein, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, NY 11530-9194

United States Trustee                          US TRUSTEE
33 Whitehall Street
21st Floor
New York, NY 10004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                       MOTION TO VACATE THE
                                       AUTOMATIC STAY
                                       Chapter 7
                                       CASE 11-24269
                                       Bankruptcy Judge
                                       Hon. Robert D. Drain

Juanita Strassfield,

                                Debtor.
------------------------------------------------------------x
STATE OF NEW YORK         )
COUNTY OF WESTCHESTER         ):ss

       Phillip Mahony, the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

       1.     That the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1334(a) and (b), 28 U.S.C.§157(a), 28 U.S.C. §157(b)(2)(G), and the Bankruptcy Amendments and Federal Judgeship Act of 1984.

       2.     I am associated with the law firm of McCabe, Weisberg & Conway, PC, attorneys for the secured creditor Wells Fargo Bank N.A. (hereinafter "Creditor").

       3.     I make this Affirmation in support of an Order vacating the automatic stay entered in this Chapter 7 proceeding and permitting Creditor to proceed with the foreclosure of its lien against the real property known as 11 Shipley Drive, Cortlandt Manor, New York 10567 (hereinafter "Premises") which is owned by Juanita Strassfield (hereinafter "Debtor").

4. That the Creditor is a domestic banking corporation organized and existing under and by virtue of the laws of the United States of America.

5. That Creditor is the owner and holder of a certain Note and Mortgage in the original amount of $410,000.00 dollars.

6. That as collateral security for the loan the Debtor executed a Mortgage securing a Note on or about March 14, 2007. Said mortgage is a first mortgage upon the Premises. (A copy of the Mortgage is annexed hereto as Exhibit A).

7. That by reason of the Debtor having filed a petition under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York on November 18, 2011 Creditor is stayed from commencing a proceeding to foreclose its security interest in the Premises.

8. That the said loan held by Creditor is presently in default and that the Debtor has failed to make payments as required. That as of January 24, 2012 the Debtor is at least twenty-seven (27) payments behind on monthly mortgage obligations, to wit: November 01, 2009 through June 01, 2011 monthly mortgage obligation in the amount of $3,259.12 dollars each month, and July 01, 2011 through January 01, 2012 monthly mortgage obligation in the amount of $3,533.23 dollars each month, **totaling $89,915.01 dollars.** (See Creditors Worksheet, Exhibit C)

9. That Creditor as the holder of said lien, according to the terms and conditions of said Note and Mortgage, desires to foreclose said lien.

10. That the Debtor presently owes Creditor an amount in excess of $504,389.68 dollars plus legal fees and costs.

11. Based upon a valuation of the Premises said real property is valued at $395,000.00 dollars. (See attached Schedule A, <u>Exhibit B</u>).

12. 11 U.S.C. §362(d)(1) provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) for cause, including a lack of adequate protection of an interest in property..." As set forth herein, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to the Creditor.

13. Failure to make contractually due mortgage payments may constitute "cause" to modify the automatic stay under 11 U.S.C. §362(d)(1). "We have held numerous times that the continued failure to tender periodic payments to a secured creditor pursuant to the terms of an underlying loan may constitute "cause" for relief under §362(d)(1)." *In re Wright, Egan & Associates*, 60 B.R. 806, 807 (E.D.Pa.1986).

14. 11 U.S.C. §362(d)(2) provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "with respect to a stay of an act against property under subsection (a) of this section, if-

(A) the debtor does not have an equity in such property, and

(B) such property is not necessary to an effective reorganization

15. In determining whether or not the Debtors possess equity in the Premises under 11 U.S.C.§362(d)(2)(A) the Court should aggregate all liens encumbering the Premises and then subtract the value of said liens from the value of the Premises. "The classic test for determining equity under section 362(d)(2) focuses on a comparison between the total liens against the property and the property's current value." *Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir.1984).

16. After computing the outstanding mortgages and taking into account the

hypothetical costs of liquidating the Premises there is no equity in the Premises and the Premises is not necessary to an effective reorganization.

17. Creditor seeks an Order of relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2). (A copy of the proposed Order Vacating the Automatic Stay is annexed hereto as Exhibit D).

18. Creditor may have to advance large sums of money on account of property taxes and hazard insurance to protect its security interest.

19. That by virtue of the foregoing, Creditor is not adequately protected.

20. Creditor requests that the Court order that F.R.B.P. Rule 4001(a)(3) is not applicable so that it may immediately enforce and implement the order granting relief form the automatic stay.

WHEREFORE, Creditor prays that an Order be made and entered herein:

(a) granting relief from the stay of the proceedings relevant to the foreclosure of its mortgage lien against the said Debtor;

(b) granting Creditor permission to commence foreclosure proceedings, and

(c) waiver of the provisions of F.R.B.P. Rule 4001(a)(3) which states that the order granting relief from the automatic stay will be effective ten (10) days from the date said order is entered, and for such other and further and different relief as this Court may deem just, proper and equitable.

Dated: Westchester New York
       January 24, 2012

                                                  *s/ Phillip Mahony*

Phillip Mahony, Esq.
McCabe, Weisberg & Conway, PC
Attorneys for the Secured Creditor
145 Huguenot Street
Suite 499
New Rochelle, NY 10801
(917) 351-1188