UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

------------------------------------------------------------x
IN RE:

    JUANITA STRASSFIELD,

                  DEBTOR

CHAPTER 7
CASE NO. 11-24269(RDD)

OBJECTION TO MOTION TO VACATE
AUTOMATIC STAY BY WELLS FARGO BANK, NA
AND REQUEST FOR ACCOUNTING
AND CONDITIONAL MOTION FOR DAMAGES
AND FEES

------------------------------------------------------------x

**DEBTOR'S OBJECTION TO WELLS FARGO BANK NA'S MOTION TO VACATE AUTOMATIC STAY**

NOW HERE COMES the Debtor Ms Juanita Strassfield through her attorney(s) of record, Linda M. Tirelli, Esq. of Counsel to Cushner & Garvey, PLLC hereby does so respond and respectfully objects to the Motion for Relief from Automatic Stay filed in this case by the above named purported creditor and in support hereof respectfully show unto the Court the following:

1. This case was commenced by the filing of a Chapter 7 petition with the clerk of this court in the White Plains Division on November 18, 2011.

2. The Chapter 7 Debtor, Ms. Strassfield, is owner of real estate located at 11 Shipley Drive, Cortlandt Manor, NY 10567, her primary residence (hereinafter the "Property").

3. On or about January 24, 2012, Wells Fargo Bank, NA filed a Motion to Vacate the Automatic Stay identified as Document No. 9 on the Court's ECF system, (hereinafter the 'Motion").

4. The debtor hereby objects to the granting of Motion for all the reasons set forth herein below.

**I.    FACTUAL ALLEGATIONS**

5. In support of its Motion, Wells Fargo and its attorneys submitted the following to this court under penalty of perjury:

    A. Affirmation of Attorney Phillip Mahony which includes, in relevant part the statement,

1

" That Creditor is the owner and holder of a certain Note and Mortgage in the original amount of $410,000.00" ( see Mahony Affirmation Para. 5);

      B. A copy of a 20 page "Mortgage" dated March 14, 2007 naming the "Lender" as "UBS Mortgage LLC and the borrower as "Juanita Strassfield" together with a recording cover page and property description;

      C. A copy of a 4 page "Initial Interest (SH) Note" dated March 14, 2007 which bears consecutive page numbers at the bottom of each page from page 1 of 4 through page 4 of 4, naming the "Lender" as "UBS Mortgage LLC" and the "Borrower" as "Juanita Strassfield".  The Note is notably not indorsed on its face;

      D.  A single piece of paper with a copy of what is best described as a copy of rubber stamp impression which reads as follows:

    "PAY TO THE ORDER OF
    WELLS FARGO BANK , N.A.
    WITHOUT RECOURSE
    UBS MORTGAGE LLC
    BY:___(SIGNATURE INSERTED)____
    AMANDA JOHNSON
    ASSISTANT SECRETARY"

      E.  A curious single page "Assignment of Mortgage" with recording cover page which the Debtor maintains to be a fraudulent document.  Said Assignment of Mortgage is signed and notarized in the state of Minnesota on March 12, 2007, two days prior to the date the Debtor's mortgage loan originated ( ie., March 14, 2007)  as indicated in the first paragraph of the document and as per the Note and Mortgage provided by Wells Fargo Bank, NA and its attorneys in support of the instant Motion.

      F. A copy of Debtor's Schedule "A" from her chapter 7 petition ;

      G. A copy of a worksheet signed and sworn to as accurate by Mr. Charles Higgins, as Vice President of Loan Documentation at Wells Fargo Bank, NA.  Said worksheet itemizes fees and charges not substantiated by the documentation provided including items such as "Title Fees" "Recording Fees"

"Filing Costs" Inspection Fees" "Process of Service" "Post-Petition Legal Fees" "Filing Fees"" "Post Petition Inspection Fees" and "School Tax".  The terms of the Note indicate a fixed monthly payment amount of $2263.54 representing interest only through May 2022 at which time the monthly payment would increase to $3599.78, at which time the loan payments would represent the  amatorization of the loan.  Mr. Higgins worksheet, however, indicates a monthly payment of $3259.12 as owing from November 1, 2009 through June 1, 2011 and monthly payments of $3533.23 as owing from July 1, 2011 through January 1, 2012.  There is no provision in the Note to indicate an increased payment and no indication of an escrow of taxes, including "school taxes" or why if the increase was to account for a tax escrow the school taxes allegedly owed would not have been included in the increased payment.

II.     **LEGAL ARGUMENT: LACK OF REQUIRED DOCUMENTATION  AND FRAUD ON THE COURT**

6.     The Debtor avers that the "Assignment of Mortgage" presented by Wells Fargo Bank, NA and its attorneys to be a fraudulent document intended to bolster the claim of Wells Fargo Bank, NA as the real party in interest.  The court may take judicial notice that the assignment is executed prior to the date of Mortgage and Note it purports to assign and is thusly a nullity at best.  To the extent Wells Fargo Bank, NA and its attorneys argue that an assignment is not necessary, it leaves one to guess why it is submitted to this Court under penalty of perjury and why it is recorded on the land records.  It is a felony in the state of New York to offer a false document for recording on the land records. ( see New York State Penal Law Article 175 "Offenses Involving False Written Statements"   Sec. 175.35 "Offering a False Instrument For Filing In The First Degree.")

 If the document is not what it purports to be, it may constitute a crime in this state.   In any event, the Debtor avers that the Motion must be denied in light of the purported false document presented to this Court.

3

7.      The Debtor further avers that despite the sworn declaration of Mr. Higgins, the purported Note affixed as an exhibit to the Motion is not an accurate copy of the note.  According to the online look up tool found at https://ww3.freddiemac.com/corporate/  Freddie Mac claims to own the Debtor's loan. (see **Exhibit "A"** attached hereto)  As Freddie Mac can only own a mortgage loan as trustee to a securitize d trust or, in rare instances of non-sub-prime mortgage loans, Freddie Mac may own a mortgage loan as a single asset in its portfolio.  Wells Fargo Bank NA conceals this reality from the Court and the Debtor by providing a copy of an unendorsed Note and a separate purported endorsement.  Wells Fargo Bank NA is at best a custodian or perhaps servicer of the Debtor's mortgage loan but it is not the holder nor is it the owner of the Debtor's loan as it holds itself out to be.

8.  Attached here to is a copy of a relevant portion of the Freddie Mac online Servicing guide Vol. 1. Cha. 16.4 "Endorsement of Notes".  (see **Exhibit "B"**) Notes owned by Freddie Mac are required to be indorse in blank.  Freddie Mac acting as a trustee for a securitized trust and the certificate holders of such tryuists are the true owners and holders of the mortgage notes making up the corpus of such trusts.  The Debtor avers that Wells Fargo Bank, NA be caused to produce the original mortgage and note for the debtor's examination along with therelevant trust documents pertaining to the servicng and ownership of the debtor's loan.

9.  Attached hereto as Exhibit "C" is a copy of a Freddie Mac PC Master Trust Agreement.  While Wells Fargo has gone on record in other cases ( see In re Cynthia Franklin 10-20020(rdd) Motion for Sanctions and Trans. DOC. 72) as saying there is no servicing agreement as between Wells Fargo Bank, NA and Freddie Mac, public record indicates otherwise.   To the extent Freddie Mac owns the Debtor's loan, Wells Fargo would be at best, a non-holder in possession if the note proves to be indorsed in blank.  If the note is not indorsed at all, Wells Fargo will be hard pressed to explain the single page attached to its motion intended to show the court a specific indorsement.

4

10.     Wells Fargo does not represent itself to the court to be a servicer acting on behalf of a secured creditor and instead is holding itself out to be the real party in interest.  That Wells Fargo sloppily attempts to portray itself as the real party in interest when in fact it is at best a servicer and has failed to provide verification of its status and relationship, if any, to this case.

11.     A federal Court cannot have jurisdiction unless a party has constitutional standing.  The creditor fails to provide any credible evidence as to if and when a negotiation of the Note to Wells Fargo or its principle actually occurred.

12.     Wells Fargo Bank, NA, if actually a servicer, has failed to provide any evidence that it currently holds Debtor's note or any evidence of its own authority.  Wells Fargo Bank, NA is therefore, not a creditor nor a real party in interest and has no standing to file the instant motion.

## VI.  WELLS FARGO BANK, NA LACKS STANDING AS PER APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE AND BANKRUPTCY PROCEDURE

13.     In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of "who" can assert a claim as a holder, because pleading *and* standing issues which arise in the context of our federal court system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the **real party in interest**."* (emphasis added)

14.     A Motion for Relief From Stay, is a contested matter, governed by F. R. Bankr. P. 9014(a), which makes F.R. Bankr. Pro. 7017 applicable to such motions. F.R. Bankr. P. 7017 is, of course, a restatement of F. R. Civ. P. 17.

5

15.     The Debtor avers that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner and holder* a status acquired through negotiation, of a note. Because the actual name of the actual note owner and holder is not only not stated but is actually misrepresented to this Court, Wells Fargo's very claim asserted via motion is defective.

16.     In the case of <u>Deutsche Bank Nat'l Trust Co. v. Steele</u>, 2008 WL 111227 (S.D. Ohio) January 8, 2008, the Honorable Judge Abel found that Deutsche Bank had filed evidence in support of its motion for default judgment indicating that MERS was the mortgage holder. There was not sufficient evidence to support the claim that Deutsche Bank was the owner and holder of the note as of that date. In following <u>In re Foreclosure Cases</u>, 2007 WL 456586, the Court held that summary judgment would be denied "until such time as Deutsche Bank [the movant] was able to offer evidence showing, by a preponderance of evidence, that it owned the note and mortgage when the complaint was filed." 2008 WL 111227 at 2. Deutsche Bank was given twenty-one days to comply. Id.

17.     In a decision on March 10, 2009, the Honorable Philip H. Brandt, US Bankruptcy Judge for the Western District of Washington cited the matter of <u>In Re Jacobson</u>, 19 CBN 522 (Bankr. W.D. Wash. 2009) and denied a motion filed by a servicing agent for lack of standing because it was not brought in the name of the party who had the right to enforce a deed of trust and did not establish that the movant was authorized to act on behalf of the party who had such right.

18.     In the case at bar, the claimant, Wells Fargo Bank, NA, establishes only that it is neither the holder nor the owner of the note. Wells Fargo wrongly asserts that it has a beneficial interest in the specifically endorsed Note affixed to the Motion. Without going out on a limb, the debtor predicts that Wells Fargo will produce a Note possibly indorsed in blank offering no viable

6

explanation for the "convenient" new endorsement appearing on the note except that the former was an "older" copy.  This explanation does not hold water in that the attestation of Mr. Higgins affirmed that the copy affixed to the instant Motion was a true and correct copy of the transactional documents.   Inso far as Wells Fargo Bank, NA is a loan servicer, it cannot enforce the note in its own right in that according to the information in the attached documents and the information available through Freddie Mac, the loan is owned by Freddie Mac with which Wells Fargo has not established its relationship.

### VII.  WELLS FARGO BANK, NA LACKS CONSTITUTIONAL STANDING TO SEEK RELIEF IN A FEDERAL COURT

19.     The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Contreversies." Justice Powell delivered the Opinion of the Supreme Court in the case of Warth v. Seldin addressing the question of standing in a federal court as follows:

"In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing imports judiciability: whether the plaintiff has made out a "case or controversy" between himself and the defendant within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant *his* invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf. Baker v. Carr 369 U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party…A Federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threat or actual injury resulting from the putatively illegal action…" Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973)." Warth v. Seldin 422U.S.490, 498 (1975)

"Apart from this minimum constitutional mandate, this Court has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers. … even when the plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, this Court has held that the **plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties**. E.g., Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943)." Warth v. Seldin 422U.S.490, 499 (1975) (**emphasis added**)

7

20.    The Debtor in the instant case reiterates that a party seeking relief in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999)*. Again, the minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *Valley Forge Christian College v Americans United for Separation of Church & State, Inc., 454 U.S. 464, 473 (1982)*. Furthermore, in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show he has personally suffered some actual injury as a result of the conduct of the adverse party. *Coyne, 183 F.3d at 494; Valley Forge, 454 U.S. at 472*.

21.    Wells Fargo may only be a servicer and while a servicer may be able to bring a claim on behalf of its principle, it must disclose the identity of its principle to the court and set forth a valid claim of its principle.  (see generally In re Unioil 962 F 2d 988)

22.    As set forth hereinabove, the Movant can make no assertions as to its own interest in the outcome of the instant claim it is making, nor does Movant make any mention of any perceived injury to itself. Instead, Movant presumably seeks to redress an alleged wrong to what is presumed to be a third party or parties, (ie, the holder and owner of the Debtor's Note and Mortgage) and thus the Movant in the case at bar lacks standing in a federal court. Movant cannot bring this claim without properly either identifying direct injury or threat of injury to itself or by joining a real party in interest. The Movant has not shown that it has any stake in the ownership of the Note and Mortgage as either a holder or owner. Any attempt to indicate itself as an owner of the loan has been by way of fraudulent and misleading documents.

23.    It is well anticipated that Wells Fargo will respond to this objection by asserting that the assignment, regardless of validity, is unnecessary.  This phenomenon of submitting written assignments and then arguing they are of no consequence or otherwise "unnecessary," is not unique to the documents submitted in this Federal Court . In a February 2009 decision Wells Fargo Bank,

8

N.A., as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass Through Certificates, Series 2006-FF15 v. Sem M. Sait Aubin, et al 2009 NY Slip Op 50197(U) (copy attached) NY Supreme Court Judge Arthur Schack was concerned for the authenticity and motivation behind certain assignments in deciding a motion for summary judgment in a foreclosure action. J. Schack denied plaintiff's motion expressing the court's reservations as to a series of two questionable assignments , "…the Court requires an explanation from an officer of plaintiff Wells Fargo explaining why, in the midst of our national subprime mortgage financial crisis, plaintiff Wells Fargo purchased from MERS, as nominee for First Franklin, a nonperforming loan." And further noted that the motion was denied without prejudice provided the moving party, but 60 days to provide documentation which in part would , "(2) an affidavit from an officer of plaintiff, WELLS FARGO BANK, N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15, explaining why plaintiff took the September 10, 2007 assignment of the instant nonperforming loan, 102 days in arrears, from MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC., as nominee for FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK; Wells Fargo v. Sait Aubin p. 6

24.    J. Arthur Schack when presented with written assignments of questionable nature in foreclosure actions has routinely not permitted the Plaintiff to switch gears after submitting such writings to later claim that no writing is required. In fact , Judge Schack has taken the position that once a writing is submitted, the court will require a thorough and complete verification of its authenticity. Judge Schack has repeatedly denied plaintiffs motions in foreclosure actions requiring additional verification pertaining to the authenticity of submitted assignments. WELLS FARGO BANK, N.A., as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15 v. SEM M. SAINT AUBIN, ET. AL. 37401/07 Supreme Court of the State of New York, Kings County, Decided February 10, 2009. ; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee Under Pooling and Servicing Agreement Dated as of April 1, 2007

9

Securities Asset Backed Receivables, LLC Trust 2007-BR2 Mortgage Pass-through Certificates, Series 2007-br2 v. LINDA BAILEY, ET. AL. 2009 NY Slip Op 50191(U) 3747/08 Supreme Court of the State of New York, Kings County Decided February 9, 2009.; INDYMAC BANK, FSB v. RANDOLPH BETHLEY; SONIA BADILLO ROSADO, ET. AL. 2009 NY Slip Op 50186(U) 9615/08 Supreme Court of the State of New York, Kings County Decided February 6, 2009.

25. The debtor further objects to the falsified document Wells Fargo purports to be an assignment submitted to this court in support of its attempt at a Motion for Relief from Stay is void under 11 U.S.C. §362. In fact, the so-called assignment has done little except to create a cloud on the public record of this court proceeding by creating a discrepancy as to the chain of assignments and transfers of the note and mortgage.

26. As one Court described the bank's burden to show standing: "If the claimant is the original lender, the claimant can meet its burden by introducing evidence as to the original loan. If the claimant acquired the note and mortgage from the original lender or from another party who acquired it from the original lender, the claimant can meet its burden through evidence that traces the loan from the original lender to the claimant. A claimant who is the servicer must, in addition to establishing the rights of the holder, identify itself as an authorized agent for the holder." Maisel, 378 B.R. at 22 (quoting In re Parrish, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005)).

27. Here, Wells Fargo (possibly as Servicer) has not demonstrated its standing to file a claim. The documents presented shows that Wells Fargo may be as Servicer is not the holder of the note and Mortgage. Accordingly, the Debtor's Objection should be sustained and relief granted.

**WHEREFORE,** the debtors pray of the Court as follows:

A. That Creditor's Motion for Relief from Stay be denied;

B. That WELLS FARGO BANK, NA be precluded from filing any amended, modified or substitute claim or further motions seeking relief from stay in this case;

10

D.       That the Debtor have and recover against WELLS FARGO BANK, NA a sum to be determined by the Court in the form of actual damages;

F.       That the Debtor have and recover against WELLS FARGO BANK, NA a sum to be determined by the Court in the form of statutory damages;

G.       That the Debtor have and recover against WELLS FARGO BANK, NA a sum to be determined by the Court for punitive damages;

H.       That the Debtor have and recover against WELLS FARGO BANK, NA a sum to be determined by the Court all legal fees and expenses incurred by her attorney(s); and

I.       That the debtor have such other and further relief as the Court may deem just and proper.

### IX.  Conditional Motion Requesting the Recovery of Legal Fees and Expenses Under 28 USC 1927

In the event the Motion for Relief From Stay is withdrawn by Wells Fargo Bank, NA at any time prior to the conclusion of the final hearing on the merits or in the event this Court denies the Motion of Wells Fargo based on one or more of the **Affirmative Defenses** pleaded herein or in the further event that the Court denies the claim upon a finding of one or more of the following facts:

1. This Court finds that the factual contentions in the creditor's motion for relief from stay were not based on a reasonable review of the transfer, transactional or account records of the debtor's loan as maintained by the Master Servicer, the Primary Servicer, the Subservicer, the Default Servicer, the Claimant, or any third-party vendor; or

2. This Court determines that the Motion to Vacate the Automatic Stay was filed for some improper purpose such as to harass the debtor, generate fees (legal, servicing or otherwise) or to cause unnecessary delay or needlessly increase the cost of this Chapter 7 bankruptcy case

Then and in the event any one or more of such findings are made by this Court then the debtor respectfully move this Court pursuant to the provisions of Section 1927 of Title 28 of the United States Code for the recovery of their legal fees and expenses in a sum equal to twice the presumed fee or the hourly billing rate of the attorney for the debtor ($500.00), whichever amount is greater, and for the recovery of the debtors' expenses such as lost time from work, travel costs, telephone calls, postage, paying for bank records, securing and paying for money order or checking tracing and confirmation services, expenses incurred for the electronic tracing of payments and the like, from Wells Fargo Bank, NA, its successors in interest, and/or the attorneys for the Movant.

In support of this conditional motion, the debtors show unto the Court that Section 1927 of Title 28 of the United States Code, regarding Counsel's liability for excessive costs, provides:

*Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.*

A district court has the inherent power to assess attorney's fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (internal quotations omitted). In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party. *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946). In such instances, the imposition of sanctions "transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers v. Nasco*, 501 U.S. 32, 46 (1991) (quoting *Universal Oil*, 328 U.S. at 580).

**WHEREFORE,** the debtor having responded by way of Objection to Motion for Relief from Stay filed herein for the purpose of reserving her right to hearing before the court respectfully pray of the court as follows**:**

A. That the debtor(s) be granted a **preliminary hearing** on all issues raised by the pleadings in this case;

B. That if applicable the claimant be ordered pursuant to **Rule 7034** of the Federal Rules of Bankruptcy Procedure to **produce all current appraisal reports on the subject property,**

13

**valuations, delinquency contact reports, mortgage inspection reports, property inspection reports, and all documents** prepared in connection with this loan before any court hearing;

C.    That the court require the claimant pursuant to **Rule 7034** of the Federal Rules of Bankruptcy Procedure to **produce a complete life of loan history of all receipts of payments since the filing of this case (from the Trustee and the Debtors) and a detailed summary of the application and disbursement of all such payments**;

D.    That if applicable the Movant be ordered to provide the debtor with **the name, address and telephone number of the current holder and owner of the mortgage and promissory note as provided for by Section 1641(f)(2) of Title 15 of the United States Code**;

E.    That if applicable the claimant provide the debtor(s) with a list of each entity having any interest in the mortgage note that is the subject of this motion including, but not limited to, any broker, table-funder, correspondent lender, originator, lender, warehouse lender, trustee, investor, trustee under a pooling and servicing agreement, servicer, sub-servicer, master-servicer, or similar party, and to identify each such party by full name, address, and a telephone number;

F.    That if applicable the Movant be required to provide the debtor(s) for each party listed pursuant to Section E herein the consideration each entity received or disbursed for any interest it obtained or relinquished in the loan as well as the party it paid consideration to or received it from;

G. That this response be treated as a written **Request for Production of the Documents** described herein, including the production of the lists and records as identified herein, said request being made pursuant to Rule 7034 of the Federal Rules of Civil Procedure and Rule 34 of the Federal Rules of Civil Procedure, and that **the court enter an order requiring such documents to be produced a least ten (10) days prior to any final hearing on this motion**;

H. That this response be treated as a **Motion pursuant to Rule 9006(c)(1)** of the Federal Rules of Civil Procedure for this court in its discretion without notice and a hearing to reduce the time period to respond to the request for production of documents as provided for herein to a period of no less than ten (10) days prior to the designated hearing date and that the claimant be ordered to fax legible copies of said documents to the attorney for the debtor(s) or to transmit the same by an expedited or express mail service;

I. That the court require the Movant to establish all facts in its Motion by way of live sworn deposition testimony by qualified and competent agents and employees of the Movant and to that extent the debtor(s) object to the use of any affidavits at this hearing and will only consent to the testimony of witnesses with actual and personal knowledge of the facts so that they can authenticate that any matter is what it is claimed to be;

J. That if applicable the motion be dismissed if the Movant fails to produce all of the requested documents at least five (5) days before the hearing date as requested herein and that sanctions be awarded against the claimant in the event thereof;

K.  That if applicable this motion be dismissed pursuant to Rules 7017, 7019, and 7020 of the Federal Rules of Bankruptcy Procedure for failure to prosecute the same in the name of the real party in interest, to join necessary and mandatory parties, or to include the Trustee under the Deed of Trust, or the Trustee under the Pooling and Servicing Agreement, as a necessary party;

L. That if applicable this motion be dismissed for failure of the claimant to comply with the mandatory claim transfer and assignment Rules as provided for by **Rule 3001(e)** of the Federal Rules of Bankruptcy Procedure;

M.  That the debtor(s) be granted a **final hearing** on all issues raised by the pleadings in this case;

N.  That the attorney for the debtor(s) be awarded a non-base legal fee of $450.00 to be paid under the plan; and

O.  That the debtor(s) have such other and further relief as to the court may seem just and proper.

This the 5th Day of March 2012.

　/S/ Linda M. Tirelli
Linda M. Tirelli, Esq.,
Of Counsel To Cushner & Garvey, LLP
Counsel For Debtor
One North Lexington Ave., 11th Floor
White Plains, New York 10601
Ph(914) 946-0860 / Fax(914)946-0870
Email: WestchesterLegal@aol.com