HEARING DATE: June 22, 2012
                                                              HEARING TIME: 10:00AM

LINDA TIRELLI, ESQ
OF COUNSEL TO CUSHNER & GARVEY, PC
COUNSEL FOR DEBTOR
I NORTH LEXINGTON AVE. 11TH FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

                    IN THE UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF NEW YORK
                             WHITE PLAINS, DIVISION
------------------------------------------------------------------X
IN THE MATTER OF

                                                CHAPTER 13
JUANITA STRASSFIELD                             CASE NO: 11-24269(RDD)
            DEBTOR
------------------------------------------------------------------X
JUANITA STRASSFIELD
            MOVANT

V.

WELLS FARGO BANK, NA

            RESPONDENT
                                                MOTION TO STRIKE
------------------------------------------------------------------X

**MOTION TO STRIKE WELLS FARGO BANK NA's
NOTICE WITHDRAWING MOTION FOR RELIEF FROM AUTOMATIC STAY
POST-OBJECTION AND WITHOUT SEEKING LEAVE VIA MOTION
OR CONSENT OF PARTIES
AND MOTION FOR FEES AND SANCTIONS
PURSUANT TO 28 U.S.C 1927 AND 11 U.S.C. 105(a)**

The debtor herein, by and through her counsel, moves this Court pursuant to Rule 9014(a) and 9014(c) of the Bankruptcy Rules and moves to strike and dismiss the letter/notice of withdrawal ( ECF Doc. 23) which seeks to withdraw the purported creditor, Wells Fargo Bank NA's Motion for Relief From Stay in the above-captioned matter for non-compliance with Bankruptcy Rule of Procedure 7041. In support of such motion, debtor shows as follows:

## Background:

1. This case was commenced by the filing of a petition with the Clerk of this court on or

    about November 18, 2011.

2. The Debtor, Ms. Juanita Strassfield, is the owner of real estate located at 11 Shipley Drive, Cortlandt Manor, NY 10567, which is her primary residence.

3. On or about January 24, 2012 a purported creditor, Wells Fargo Bank, NA ("Wells Fargo") filed a Motion for relief From Automatic Stay identified on the court's ECF system as Doc. No. 9.

4. On or about March 5, 2012, the Debtor through her attorneys of record filed a written objection to Wells Fargo's Motion spelling out a fraud which occurred upon the Court, the Debtor , the Chapter 7 Trustee and all parties.  Specifically, the Debtor in her Objection brings the Court's attention to the fact that in support of its Motion, Wells Fargo submitted a copy of a Note bearing no endorsement on its face which names the lender as "UBS Mortgage LLC" along with a so-called Assignment of Mortgage ( the "Assignment") which purports to assign the both the Debtor's Mortgage and  Note.  Said Assignment is dated March 12, 2007 – by a Notary Public, Tabitha Diedrich of Minnesota, claiming that he signer, Mr. Anthony Patridge appeared before her to sign the Assignment two days prior to the origination of the loan which was March 14, 2007. Said Assignment is purportedly signed by "Anthony Patridge VP of Loan Documentation"[1] on behalf of UBS Mortgage LLC.  The Debtor avers that Mr. Patridge and Ms. Deidrich are or were both employed by Wells Fargo Bank and that then assignment of mortgage is a bogus document constituting a fraud upon this court and all involved parties.

5. Subsequent to the Debtor's Objection being filed, the Chapter 7 Trustee filed a Notice of Joinder to the Debtor's Objection ( see ECF Doc. 16 filed on or about March 12, 2012.

---

[1] Upon close examination of the signature line of Mr. Patridge, it appears that a shadow of matrix dots surround the "signature" indicative of a photo-shop type cut and paste and perhaps not an actual signature at all

2

6. Faced with a hearin on its own motion originally scheduled for March 15, 2012, Wells Fargo without conferring with Debtor's counsel and without seeking agreement in any manner, filed a letter noticing an adjournment to May 1, 2012 ( see ECF Doc. No. 18) In his letter, Attorney Phillip Mahony as counsel to Wells Fargo Bank, NA acknowledges the Debtor's opposition to the motion in stating that "several issues raised in that opposition have necessitated further research before proceeding."

7. After receiving notice of the adjournment an exchange of emails as between the Debtor's attorneys, Mr. Mahoney for Wells Fargo and the Chapter 7 Trustee occurred where by the Debtor and Chapter 7 trustee sought productive use of time between March 15 and May 1st and Mr. Mahony indicates he was going to conduct "research" and would be in touch with the Debtor and Chapter 7 Trustee to discuss productive use of the time waiting for a hearing. Nothing further was received by the Debtor from Mr. Mahoney. A copy of the Email exchanges are attached hereto as Exhibit A.

8. The Debtor avers that she was caused to spend additional sums to defend her property by a baseless motion including fraudulent documents submitted by Wells Fargo Bank, NA and their attorneys, the law firm of McCabe Weisberg & Conway PC. As set forth in argument herein below the rules of procedure drafted by Congress do not allow for the withdrawal of a contested natter after opposition is filed without either leave from the Court, which requires a Motion and the opportunity of all parties to be heard, or by the consent of all parties.

9. At the very least, the Debtor respectfully requests the Court mandate Wells Fargo to participate in meaningful good faith negotiations to achieve the a consent of the Debtor regarding the withdrawal of the Motion and/or otherwise preserve the Debtor's right to

seek compensation and fees for the time and resources expended to date.

## ARGUMENT

10. The U.S. Congress drafted the applicable Federal Rules of Bankruptcy Procedure as follows:

    **F.R.B.P. "Rule 9002. Meanings of Words in the Federal Rules of Civil Procedure When Applicable to Cases Under The Code**
    The following words and phrases used in the Federal Rules of Civil Procedure made applicable to cases under the Code by these rules have the meanings indicated unless they are inconsistent with the context:
    **(1) "Action" or "civil action" means** an adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine *any other contested matter*. ( *Emphasis Added*)

11. The Motion for Relief From Stay and ensuing Objection is a contested matter under the

    Bankruptcy Code and as such, certain Part VII rules apply.

    **Rule 9014. Contested Matters**
    **(a) Motion.**
    In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.
    **(b) Service.**
    The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R.Civ.P.
    **(c) Application of Part VII Rules.**
    Except as provided in this rule, and unless the court directs otherwise, **the following rules *shall* apply**: 7009, 7017, 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052, 7054-7056, 7064, 7069, 7071. The following subdivisions of Fed. R. Civ. P. 26. as incorporated by Rule 7026, shall not apply in a contested matter unless the court directs otherwise: 26(a)(1) (mandatory disclosure), 26(a)(2) (disclosures regarding expert testimony) and 26(a)(3)(additional pre-trial disclosure), and 26(f) (mandatory meeting before scheduling conference/discovery plan). An entity that desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition before an adversary proceeding. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order. (*Emphasis Added*)

4

16. Since 9014(c) does not include 7015 the right to amend does not apply in contested cases unless a Local Rule or Admin Order that so applies it to such cases.  Rule 9002 "Meanings of Words in the Federal Rules of Civil Procedure When Applicable to Cases Under The Code" requires the language in Rule 7041, which is adopted from the Federal Rules of Civil Procedure (FRCP 41), be read in context as applicable to contested matters under the Bankruptcy Code, such as the case at bar. As noted in the Advisory Committee on Rules 1983, "When the rules of Part VII are applicable to a contested matter, reference in the Part VII rules to adversary proceedings is to be read as a reference to a contested matter. See Rule 9002(1)."
Pursuant to FRBP Rule 7041 as read in context with a contested matter under the Bankruptcy Code,  once an objection is filed in a contested case , the only permitted manner to withdraw a contested matter such as the Creditor's Motion for Relief from Stay  is by a Court order or stipulation of the parties.

17. Simply stated, the Debtor responded to Wells Fargo's Motion for Relief From Stay by way of an objection.  Therefore the claimant, Wells Fargo,  may not voluntarily withdraw the contested matter without  the Debtor's signed consent or otherwise without obtaining an order of the court <u>after</u> notice and hearing.

18. Despite the Debtor communicating with Wells Fargo thrugh counsel affording the purported creditor the opportunity to step up to the plate so-to-speak and seek the consent of the Debtor after "researching" the issues presented in the Debtor's objection, Wells Fargo did nothing.  Nothing, that is, until now a month after litigation was invited and commenced.  Disregarding the rules and havoc created by filing a baseless motion and

5

false documents a month into litigation is yet another example of Wells Fargo and its attorneys continuing to play by their own rules with blatant disregard for the havoc they have caused by tying to deceive the Court and the Debtor with their faulted documents. Clearly there is no sense of accountability on the part of Wells Fargo its attorneys let alone any regard for the rules or the rights and well being of the other parties involved. The Debtor is relying on the integrity of the Bankruptcy Process and Wells Fargo and its lawyers have made a mockery of the system. The actions of the purported creditor and its attorneys caused additional motion practice, it is inexcusable and bears all the hallmarks of bad faith; the Debtor should not be forced to bear the costs associated with the same.

19. Debtors hereby further contend that if Wells Fargo and its attorneys are afforded the opportunity to withdraw the their motion, the Debtor's instant motion for fees and expenses and request for other relief and sanctions properly survives and remain pending.

WHEREFORE, debtors pray this Court for the following relief:

1. That the letter withdrawing the Motion for relief From Stay be stricken; and

2. That a hearing be held to determine the merits of debtor's objections or, should the withdrawal of the motion for relief from stay be allowed, on what terms and conditions so that the Debtor's rights to recovery are protected ;

4. Wells Fargo and/or its attorneys be ordered to pay to counsel for debtor a reasonable attorney's fee as authorized under the general power of the court as set forth in 11 U.S.C. § 105(a) for the instant Motion to Strike;

5. That sanctions be levied against Wells Fargo and/or Attorney(s) pursuant to 28 U.S.C.

   §1927 and 11 U.S.C. § 105(a) for having failed to follow proper procedure and causing the additional waste of valuable time and resources.

6.  That this Court retain jurisdiction over this matter and all parties thereto;

7.  For such other and further relief as this Court deems just and proper.

This the 27th day of April, 2012.

               /S/ Linda M. Tirelli
               Linda M. Tirelli, Esq.
               Law Offices of Linda M. Tirelli PC
               Of Counsel to Cushner & Garvey PC
               Debtor's Attorney
               1 North Lexington Ave. 11th Floor
               White Plains, NY 10601
               (914)946-0860
               Email: WestchesterLegal@aol.com