UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              :
                                                    :    Chapter 7
JUANITA STRASSFIELD,                                :
                                                    :    Case No. 11-24269 (RDD)
                              Debtor.               :
------------------------------------------------------------x

## STIPULATION AND ORDER OF SETTLEMENT

**WHEREAS**, on March 14, 2007, Juanita Strassfield ("Debtor") executed a note (the "Note") in the original principal amount of $410,000 in favor of UBS Mortgage LLC, secured by a mortgage (the "Mortgage") executed by Debtor, dated March 14, 2007, with respect to property located at 11 Shipley Drive, Cortlandt Manor, New York 10567 (the "Property");

**WHEREAS**, on July 18, 2011, Wells Fargo Bank, N.A. ("Wells Fargo") commenced a foreclosure action against Debtor with respect to the Property in the Supreme Court for the State of New York, Westchester County [Index No. 52736/2011] (the "Foreclosure Action");

**WHEREAS**, on November 18, 2011, Debtor filed a voluntary petition commencing the above-captioned case pursuant to chapter 7 of title 11 of the United States Code (the "Chapter 7 Case") in the United States Bankruptcy Court for the Southern District of New York, White Plains Division (the "Bankruptcy Court");

**WHEREAS**, on January 24, 2012, Wells Fargo, though its counsel, McCabe Weisberg & Conway, LLP ("McCabe"), filed a Motion to Vacate the Automatic Stay [Docket No. 9] (the "Motion for Stay Relief");

**WHEREAS**, on March 5, 2012, Debtor filed an objection to the Motion for Stay Relief [Docket No. 13];

**WHEREAS**, on March 29, 2012, Debtor received a chapter 7 discharge by Order of the Bankruptcy Court [Docket No. 21];

1

**WHEREAS**, on April 27, 2012, Wells Fargo, through McCabe, sought to withdraw the Motion for Stay Relief [Docket No. 23];

**WHEREAS**, on April 27, 2012, Debtor filed a motion seeking to strike the withdrawal of the Motion for Stay Relief and for sanctions [Docket No. 24] (the "Sanctions Motion");

**WHEREAS**, on August 17, 2012, Hogan Lovells US LLP replaced McCabe as counsel of record for Wells Fargo;

**WHEREAS**, on February 11, 2013, the Bankruptcy Court entered an Order Denying the Motion for Stay Relief and Partially Granting Relief Sought in Objections Thereto [Docket No. 36] (the "Stay Denial Order");

**WHEREAS**, on March 13, 2013, pursuant to the Stay Denial Order, counsel for Debtor, Garvey Tirelli & Cushner, Ltd. ("GTC"), filed an Interim Application for Allowance of Compensation and Reimbursement of Expenses [Docket No. 40] (the "Fee Application");

**WHEREAS**, on April 15, 2013, Wells Fargo filed a Limited Objection to the Fee Application [Docket No. 42];

**WHEREAS**, Debtor and Wells Fargo (together, the "Parties," each a "Party") desire to resolve all outstanding disputes between them in the Chapter 7 Case and the Foreclosure Action, including, without limitation, the Sanctions Motion and the Fee Application, and with respect to the Note and the Mortgage;

**WHEREAS**, this Stipulation and Order of Settlement (the "Stipulation") is made and executed by Debtor and Wells Fargo;

**NOW, THEREFORE**, in consideration of the mutual promises and representations set forth in this Stipulation, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Debtor and Wells Fargo hereby **STIPULATE** and **AGREE**, and it is hereby **ORDERED**, that:

2

1. ***Effective Date.*** The Effective Date of the Stipulation shall be the date this Stipulation is so-ordered and entered by the Bankruptcy Court approving this Stipulation (hereinafter the "<u>Effective Date</u>").

2. ***Consent to Judgment.*** Prior to the Effective Date, Debtor shall execute a Consent to Judgment of Foreclosure in the Foreclosure Action (the "<u>Consent to Judgment</u>") in form and substance to the Consent to Judgment of Foreclosure attached as <u>Exhibit A</u> to this Stipulation.

3. ***Debtor Right to Reside at Property.*** Debtor is entitled to reside at the Property for no longer than eight (8) months after the Effective Date (the "<u>End Date</u>") without any obligation to make payments on the Note nor any obligation for taxes or insurance, and such taxes and insurance will be paid and maintained by Wells Fargo. Debtor shall maintain and keep the Property in good repair until the End Date. Debtor shall not remove any fixtures from the Property and shall not destroy, damage or harm the Property, or allow the Property to deteriorate or decrease in value due to its condition.

4. ***Debtor to Vacate Property.*** Prior to or on the End Date, Debtor must (a) vacate the Property and leave the Property in broom clean condition, (b) deliver the keys to the Property to Wells Fargo at the offices of its counsel of record (Hogan Lovells US LLP, 875 Third Avenue, New York, New York 10022), and (c) take all steps necessary to transfer the Property to Wells Fargo as contemplated by this Stipulation. On or prior to the End Date, Wells Fargo shall be permitted to seek entry of the Consent to Judgment in the Foreclosure Action for the purposes of transferring the Property to Wells Fargo on or after the End Date. Transfer as used in this Stipulation shall mean the transfer of the Property by a referee in the Foreclosure Action.

5. ***Debtor Right to Vacate Early.*** Debtor may choose to vacate the Property prior to the End Date by written notice to Wells Fargo that specifically sets forth the date by which

3

Debtor will vacate the Property and fulfill her other obligations under paragraph 4 above. In the event Debtor seeks to vacate the Property early under this paragraph, the date Debtor chooses to vacate the Property on such notice, which must be at least five (5) days after Wells Fargo's receipt of such notice, shall be the "End Date" for the purposes of this Stipulation.

6. *Advance.* Within forty-five (45) days of the End Date, Wells Fargo shall advance the sum of ten thousand dollars ($10,000.00) to Debtor, provided, however, if Debtor chooses to vacate the Property prior to a date that is eight (8) months after the Effective Date pursuant to paragraph 5 above, Wells Fargo shall advance this sum within fifteen (15) days after Wells Fargo's receipt of the written notice required by paragraph 5.

7. *Payment to Debtor.* Within ten (10) business days after the End Date, Wells Fargo shall pay the sum of seventy-six thousand dollars ($76,000.00) to Debtor.

8. *Release of Lien.* To the extent of any funds paid directly to Debtor under this Stipulation, Wells Fargo, upon the transfer of the Property to Wells Fargo pursuant to this Stipulation, hereby releases its lien on the Property evidenced by the Mortgage by that amount.

9. *Attorneys' Fees.* Within ten (10) business days after the Effective Date, Wells Fargo shall pay GTC fifty thousand dollars ($50,000.00) representing Debtor's attorneys' fees incurred by GTC in the Chapter 7 Case. Wells Fargo shall pay its own legal fees in connection with the Chapter 7 Case and will not seek the payment of its legal fees incurred in the Chapter 7 Case from Debtor.

10. *Breach.* If Debtor breaches this Stipulation, Debtor shall (a) vacate the Property within forty-five (45) days of receiving notice from Wells Fargo of such breach, (b) not be entitled to any funds under this Stipulation, including, without limitation, the funds to be paid or already paid to Debtor under paragraphs 6 and 7, and (c) not be entitled to her release under paragraph 12 below. If Wells Fargo breaches this Stipulation, (a) this Stipulation shall be

4

deemed terminated, provided, however, that the amount paid to GTC as attorneys' fees under paragraph 9 shall be credited against any amount determined to be owed by Wells Fargo in the Chapter 7 Case, (b) Wells Fargo will not be entitled to the release under paragraph 11 below, and (c) the Consent to Judgment shall be deemed null and void, and, if a judgment of foreclosure has been entered in the Foreclosure Action, such action shall be reopened without objection by Wells Fargo or its successors and assigns. Both Parties agree that the determination of a breach shall be made by the Bankruptcy Court upon motion of either Party. Each of the Parties can waive any of the other Party's deadlines or other obligations in this Stipulation or specifically provide for the extension of any of the other Party's deadlines in this Stipulation, provided, however, any such waiver or extension must be in writing. A breach of this Stipulation shall only be effective after five (5) days from the breaching Party's receipt of notice from the non-breaching Party and the Party accused of the breach shall have such 5-day period to cure such breach.

11.    ***Wells Fargo Release.*** Upon the Effective Date, Debtor hereby fully releases, acquits, and forever discharges Wells Fargo and all of its present, former and future attorneys, officers, shareholders, employees, agents, parents, subsidiaries and affiliates, personal representatives predecessors, beneficiaries, successors, and assigns, of and from any and all claims, demands, actions, causes of action, suits, liens, debts, obligations, promises, agreements, costs, damages, liabilities, and judgments of any kind, nature, or amount whether in tort, contract, or otherwise, whether known or unknown, anticipated or unanticipated, liquidated or unliquidated, including any and all claimed or unclaimed compensatory damages, consequential damages, incidental damages, punitive or exemplary damages, interest, costs, expenses and fees (including reasonable or actual attorneys' fees) which may arise out of, relate to, result from, or are in any way, directly or indirectly, connected with the Note, the Mortgage, the Chapter 7

5

Case, the Foreclosure Action or the Property. This release does not apply to any future action that may result from future occurrences between the Parties subsequent to the Effective Date.

12. **_Debtor Release_**. Upon Debtor fulfilling all of her obligations under paragraph 4 above, Wells Fargo shall fully release, acquit, and forever discharge Debtor and her respective attorneys from any and all claims, demands, actions, causes of action, suits, liens, debts, obligations, promises, agreements, costs, damages, liabilities, and judgments of any kind, nature, or amount whether in tort, contract, or otherwise, whether known or unknown, anticipated or unanticipated, liquidated or unliquidated, including any and all claimed or unclaimed compensatory damages, consequential damages, incidental damages, punitive or exemplary damages, interest, costs, expenses and fees (including reasonable or actual attorneys' fees) which may arise out of, relate to, result from, or are connected with the Note and the Mortgage secured by the Property. For the avoidance of any doubt, this release shall not be construed to bar Wells Fargo from taking any action or pursue any rights and remedies under applicable law with respect to the Property as contemplated by this Stipulation. This release does not apply to any future action that may result from future occurrences between the Parties subsequent to the Effective Date.

13. **_Fee Application and Sanctions Motion_**. Within five (5) days of the Effective Date, Debtor and GTC shall withdraw the Fee Application, the Sanctions Motion and all other filings in the Chapter 7 Case related to Wells Fargo.

14. **_Wells Fargo Representations and Warranties_**. Wells Fargo represents and warrants that it has full authority to enter into this Stipulation. Wells Fargo further represents that it is the proper party, as servicer with respect to the mortgage loan evidenced by the Note and Mortgage, to assert rights under the Note and Mortgage against Debtor and the Property and will hold Debtor harmless for any future actions or rights brought or asserted by third parties

6

seeking to enforce the Note and Mortgage. For the avoidance of any doubt, this provision shall only apply in the event another party claims to be the holder of the Note and Mortgage and seeks to recover any amounts owed under the Note and/or enforce any rights under the Mortgage.

15.     ***Debtor Representations and Warranties***. Debtor represents and warrants (a) that there are no liens or other encumbrances on, and no title issues with, the Property, (b) that she will take all steps necessary to transfer the Property to Wells Fargo on or after the End Date, including, without limitation, consenting to a judgment of foreclosure in the Foreclosure Action, and (c) that Debtor will provide Wells Fargo with completed Form W-9's for Debtor and GTC prior to receiving any funds under this Stipulation.

16.     ***Notices***. Notices to be delivered under this Stipulation shall be delivered to the Parties as set forth below by first class mail:

*To Wells Fargo*:

Hogan Lovells US LLP
David Dunn, Esq.
875 Third Avenue
New York, NY 10022

*To Debtor*

Garvey Tirelli & Cushner, Ltd.
Linda M. Tirelli, Esq.
50 Main Street, Suite 390
White Plains, NY 10606

17.     ***Acknowledgments***. Each of the Parties acknowledges and agrees that (a) this Stipulation is entered into and executed voluntarily by each of the Parties hereto and without any duress or undue influence on the part of, or on behalf of, any such Party, (b) each of the Parties hereto has been represented by counsel of its/her own choice, or has had the opportunity to be represented by counsel and to seek advice in connection with the negotiations for, and in the preparation of, this Stipulation and that it/she has read this Stipulation and that it/she is fully aware of its contents and legal effects, (c) the drafting and negotiation of this Stipulation has been undertaken by all Parties hereto and their respective counsel, and (d) each Party has received adequate consideration in exchange the mutual covenants, promises, and conditions set forth in this Stipulation. For all purposes, this Stipulation shall be deemed to have been drafted

7

jointly by all of the Parties hereto with no presumption in favor of one party over another in the event of any ambiguity.

18. ***Compromise.*** It is understood and agreed that this Stipulation is the compromise of all disputes between Debtor and Wells Fargo as of the Effective Date and that the terms and conditions of this Stipulation are not intended to be and shall not be construed as admissions of any liability or responsibility whatsoever and the Parties expressly deny any liability or responsibility whatsoever.

19. ***Confidentiality.*** The Parties and their attorneys agree that, except (a) by filing or otherwise submitting this Stipulation to the Bankruptcy Court for approval or as otherwise may be required by the Bankruptcy Court or the chapter 7 trustee in the Chapter 7 Case for the purposes of seeking Court approval of this Stipulation or (b) as may otherwise be required by law or any governmental entity or agency, they will not disclose or otherwise disseminate, nor discuss or comment on, this Stipulation or any of the terms of this Stipulation, whether generally or specifically, to or with any third party.

20. ***Bankruptcy Court Jurisdiction.*** The Bankruptcy Court shall retain jurisdiction as to any disputes with respect to this Stipulation.

21. ***Governing Law.*** This Stipulation shall be governed by the laws of the State of New York and any question arising hereunder shall be construed or determined according to such law.

**IN WITNESS WHEREOF,** each of the Parties hereto has executed this Stipulation and Order of Settlement, on the dates set forth below.

Dated: August 12, 2013

JUANITA STRASSFIELD

_____
Juanita Strassfield
Debtor

Sworn to before me
August 12, 2013

_____
Notary Public

Dana S. Chrisomalis
Notary Public, State of New York
Commission # 02CH6188270
Qualified in Nassau County
Expiration Date June 9, 2016

**SO ORDERED:**

Dated: August __, 2013

WELLS FARGO BANK, N.A.

_____
Name:
Title:

_____
HONORABLE JUDGE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Dated: New York, New York
      August __, 2013

9

IN WITNESS WHEREOF, each of the Parties hereto has executed this Stipulation and Order of Settlement, on the dates set forth below.

Dated: August ___, 2013

JUANITA STRASSFIELD

_____
Juanita Strassfield
Debtor

Dated: August *12*, 2013

WELLS FARGO BANK, N.A.

*[signature]*
Name: NICHOLAS M. LEWANDOWSKI
Title: COUNSEL

SO ORDERED:

_____
HONORABLE JUDGE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Dated: New York, New York
      August ___, 2013

9

# EXHIBIT A

## CONSENT TO JUDGMENT OF FORECLOSURE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------------X
WELLS FARGO BANK, N.A.,

                      Plaintiff,                           STIPULATION AND
                                                                                      CONSENT TO
     -against-                                    FORECLOSURE

JUANITA STRASSFIELD,                           Index No. 52736/2011

JOHN DOE (Said name being fictitious, it being
the intention of Plaintiff to designate any and all
occupants of premises being foreclosed herein,
and any parties, corporations or entities, if any,
having or claiming an interest or lien upon the
mortgaged premises).

                    Defendants.
----------------------------------------------------------------------X

       WHEREAS, on March 14, 2007, Defendant Juanita Strassfield ("Strassfield") executed a promissory note (the "Note") in the original principal amount of $410,000, secured by a mortgage executed by Strassfield, dated March 14, 2007, with respect to real property located at 11 Shipley Drive, Cortlandt Manor, New York 10567 (the "Property");

       WHEREAS, Strassfield defaulted on her payment obligations under the Note;

       WHEREAS, Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") commenced the above-captioned foreclosure action against Strassfield by filing a Summons and Complaint on or about July 18, 2011 (the "Foreclosure Action");

       WHEREAS, Strassfield has the full authority and right to enter into this stipulation and accordingly has the full authority to consent to foreclosure on the Property;

       NOW, THEREFORE, Strassfield and Plaintiff, by and through their undersigned counsel, hereby STIPULATE and AGREE as follows:

       1.      Strassfield hereby appears generally in the Foreclosure Action and waives all

1

claims and defenses raised by Strassfield, or which could have been raised by Strassfield, in the Foreclosure Action.

2. Strassfield consents to, and will not contest, the granting of a judgment of foreclosure and sale in favor of Plaintiff and the appointment of a referee in the Foreclosure Action.

3. Strassfield agrees to take no action to impair or impede Plaintiff's ability and right to foreclose.

4. Strassfield hereby waives any and all right, title and interest with regards to the Property.

5. A facsimile or other photocopy or reproduction of this Stipulation and Consent to Foreclosure may be deemed the original for the purposes of filing it with any court. Plaintiff will file the same with the court in the Foreclosure Action.

Dated: _____, 2013

| GARVEY TIRELLI & CUSHNER, LTD. | ROSICKI, ROSICKI & ASSOCIATES, P.C. |
|---|---|
| By: _____ | By: _____ |
| Todd Cushner, Esq | Andrew Morganstern, Esq. |
| 50 Main Street, Suite 390 | 51 East Bethpage Road |
| White Plains, NY 10606 | Plainview, New York 11803 |
| Telephone: (914) 946-2200 | Telephone: (516) 741-2585 |
| Facsimile: (914) 946-1300 | Facsimile: (516) 470-0972 |
| *Attorneys for Defendant Juanita Strassfield* | *Attorneys for Plaintiff Wells Fargo Bank, N.A.* |

JUANITA STRASSFIELD

_____
Juanita Strassfield

2